IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GREGORY THURSBY | § | |
| v. | § | CIVIL ACTION NO. 6:12cv298 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Gregory Thursby, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Thursby states that he is challenging a disciplinary case, apparently for failing a drug test. He states in his petition that there was never a "proper procedural urinalysis drug test" given by Officer Raymond, which violated TDCJ policies as well as his right to a fair and impartial hearing. Although Warden Dewberry concluded that this was a valid case, Thursby asserts that he was never issued a "copy of a certificate of analysis" by Sgt. Raymond. He asks that Sgt. Raymond be ordered to produce a "certificate of analysis for each test conducted and that disciplinary action be rendered a due process violation if not supported by "a certificate of analysis signed by a chemist."

Although Thursby stated in his petition that he is eligible for release on mandatory supervision, he conceded that he is serving a 65-year aggravated sentence. Court records show that Thursby is serving a 65-year sentence for murder. Thursby v. State, slip op. no. 11-93-640-CR, 1995

WL 17212138 (Tex.App.-Eastland, February 16, 1995, no pet.). This renders him ineligible for release on mandatory supervision. Tex. Code Crim. Pro. Art. 42.18, section 8(c)(1) (Vernon 1991).

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge, citing Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995), concluded that Thursby had failed to show that the punishments imposed in the disciplinary case deprived him of any constitutionally protected liberty interests. These punishments included reduction in classification status, restrictions on his privileges, and the loss of an unspecified amount of good time. The Magistrate Judge also recommended that Thursby be denied a certificate of appealability *sua sponte*.

In his objections, Thursby contends first that discipline, placement in segregation, transfers to different prisons, and loss of good time are all punishments which might violate "procedural due process." He says that he has a liberty interest "when the Texas prison in disciplinary action interfered with or violated his constitutionally protected rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution." He cites Wolff v. McDonnell, 418 U.S. 539 (1974) in saying that when prisoners lose good time credits, they are entitled to written notice of the violation, the right to call witnesses, assistance in preparing for the hearing, a written statement of the reasons for being found guilty, and a fair and impartial decision-maker.

Thursby contends, for the first time in his objections, that he was not given a written statement of the reasons for being found guilty. He premises this argument on his contention that any "written statement of the reasons" must include a certificate of analysis from a chemist. He reiterates that he has requested that Sgt. Raymond be ordered to produce a certificate of analysis for each test conducted and to render disciplinary action a due process violation if not supported by a certificate of analysis signed by a chemist.[1]

---

[1] While Thursby did assert that he did not receive a "certificate of analysis," he did not couch his claim in terms of not receiving written reasons for the finding of guilt until he filed his objections to the Report of the Magistrate Judge. He also did not claim in his grievance that he did not receive a written reason for the finding of guilt.

Thursby argues that he has made a substantial showing that he was denied a federal right and that the issues are debatable among jurists of reason. He says that the Magistrate Judge made a "prejudicial statement" by noting that THC, the chemical for which Thursby tested positive, is the active ingredient in marijuana. He states that

> A court could resolve the issue in a different manner to prevent TDCJ-CID from conducting fabricated drug tests to promote state and federal funding, that the questions are adequate to deserve encouragement to proceed further because federal courts should monitor TDCJ-CID spending on alleged drug testing supply and whether the drug tests are conducted in accordance to all due process procedures.

The Magistrate Judge correctly determined that under Sandin, the punishments imposed upon Thursby did not exceed his sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nor impose atypical or significant hardships upon him in relation to the ordinary incidents of prison life. Hence, these punishments did not implicate any constitutionally protected liberty interests. The Fifth Circuit has explained that where no punishment was imposed which would implicate a due process concern, neither the Due Process Clause nor prison regulations afford a protected liberty interest that would entitle Thursby to the procedural protections provided by Wolff. Lenoir v. Carlize, 122 Fed.Appx. 156, 2005 WL 419467 (5th Cir., February 23, 2005). Thursby's argument that he has a protected liberty interest "when the Texas prison in disciplinary action interfered with or violated his constitutionally protected rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution" is contrary to Sandin and amounts to circular reasoning in any event. His citation to Wolff is unavailing; that case describes the due process protections available to prisoners when punishments imposed upon them implicate constitutionally protected liberty interests, which is not the case here.

Thursby's claim that he did not receive a written statement of the reasons for the finding of guilt is premised on his belief that he should receive a "certificate of analysis" to support this finding. No case has held that the Texas prison system is required to furnish inmates with a "certificate of analysis signed by a chemist" to support a finding of guilt in a disciplinary case, and other courts have rejected similar claims. *See, e.g.*, Henry v. Epps, slip op. no. 4:13cv5, 2013 WL 244039

3

(N.D.Miss., January 22, 2013) (positive result of drug test supported a prison disciplinary finding of guilt; inmate has no right to have a second urinalysis performed or to have urine sample sent to a lab for a complete analysis); Henson v. U.S. Bureau of Prisons, 312 F.3d 897, 899 (5th Cir. 2000) (prisoners have no right to have urine samples independently retested); Harrison v. Dahm, 911 F.2d 37, 41 (8th Cir. 1990) (uncorroborated drug test admissible in prison disciplinary hearing to support finding of guilt). In addition, to the extent that Thursby claims for the first time in his objections that he did not receive written reasons for the finding of guilt, the Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992). This objection is without merit.

Thursby goes on to complain that he "should have gotten more procedural due process than the standard grievance response, Warden Dewberry stated that the punishment was within established guidelines." The Fifth Circuit has held that inmates do not have a constitutionally protected liberty interest in having grievances answered to their satisfaction, and so there is no violation of due process when prison officials fail to do so. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005). This objection is without merit.

Although Thursby complains that the Magistrate Judge stated that THC is the active ingredient in marijuana, he has failed to show that this statement was incorrect, much less that it was prejudicial to him. The National Institute on Drug Abuse explains that "the main psycho-active (mind-altering) chemical in marijuana is delta-9-tetrahydrocannabinol, or THC." *See* http://www.drugabuse.gov/publications/drugfacts/marijuana. This objection is without merit.

Finally, Thursby argues that he is entitled to a certificate of appealability because he has made a substantial showing of the denial of a federal right and the issues are debatable among jurists of reason. He says that the issues could be resolved differently in that federal courts could prevent TDCJ from conducting "fabricated drug tests," and the courts should "monitor TDCJ-CID spending on alleged drug testing" to make sure that the drug tests are conducted in accordance with "all due

process procedures." Even aside from the fact that considerations of federalism preclude the federal courts from overseeing state prison spending on drug tests, Thursby has failed to show that he is entitled to a certificate of appealability. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 20) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Gregory Thursby is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 3rd day of April, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE